1820.

HALLOCK
v.
SMITH.

</div>

---

### HALLOCK *against* SMITH and WILLIAMSON.

A re-examination of witnesses is not of course, but only on special application to the Court, and on sufficient cause shown, by affidavit, or otherwise, according to circumstances.

On a bill to foreclose a mortgage, the mortgagor whose equity of redemption had been sold by the sheriff under an execution, at law, must be made a party; as he has, by the act of the 12th of *April,* 1820, (*sess.* 43. *ch.* 184.) one year from the sale, to redeem the land from the purchase, and, therefore, an existing right of which he cannot be devested within the year.

BILL to foreclose a mortgage. The defendants were purchasers, under a sale on execution at law, since the first

*December 8th.*

day of *May* last, of the mortgagor's equity of redemption in the mortgaged premises, and received the sheriff's certificate of the sale and purchase, in pursuance of the act, entitled, "an act in addition to the act concerning judgments and executions," passed the 12th of *April*, 1820. The mortgagor, who, by that act, has one year from the sale to redeem the land from the purchaser, was not made a party to the suit. Issue was joined, and proof taken on both sides, and the cause regularly set down for hearing.

*S. B. Strong*, for the defendants, moved for a re-examination of two of the witnesses, who had been examined in chief and cross-examined, on due notice of the motion, and on the alleged ground of the insufficiency of their answers to some of the interrogatories. It was also objected, on the part of the defendants, that the mortgagor ought to have been made a party, or that his deposition (which was suppressed on the ground of his interest in the cause, as the defendants had set up fraud in the execution of the mortgage, and that the same was given without consideration) be read.

*G. W. Strong*, for the plaintiff.

THE CHANCELLOR said, that a re-examination was not of course, but at the discretion of the Court, on special application; and that in this case, the truth, as to the essential matters in issue, as far as it depended upon the examination of those witnesses, did not appear to require a further examination. The 22d rule of this Court declares, that a witness shall not be re-examined, but upon sufficient cause shown by affidavit or otherwise, according to circumstances. (Vide also, Lord *Bacon's* rule, n. 74. 17 *Vesey*, 434. 1 *Johns. Ch. Rep.* 140.) The motion was, therefore denied. But the objection, that the mortgagor was not a party, was well taken. He was entitled, within one year

from the sale, to redeem his interest in the mortgaged premises, from the purchasers under the execution, and, consequently, he had an existing right (of which he was not devested, within the year, by the sale, and could only be by foreclosure here,) to unite with that redemption, a redemption also of the premises from the mortgage incumbrance.

It was, accordingly, ORDERED, " that the cause stand over, with liberty to the plaintiff to amend his bill by making the said mortgagor a party thereto, or otherwise, as he shall be advised."